**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| TALENTSCALE, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>AERY AVIATION, LLC<br><br>*Defendant*. | Civil Action No. 1:25-mc-00117 |

**AERY AVIATION LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF TALENTSCALE'S MOTION FOR JUDGMENT**

COMES NOW the Judgment Debtor, Aery Aviation, LLC ("Aery"), by counsel, and for its Memorandum in Opposition to Talentscale Inc.'s Motion for Judgment Against Garnishee Capital Bank states as follows:

## INTRODUCTION

Talentscale, Inc.'s ("Talentscale") present action is nothing more than a bad faith effort to reincarnate a series of vexatious and unsuccessful attempts to execute against property that simply does not belong to Aery. Talentscale has embarked on a relentless, yet fruitless, mobilization of the federal judiciary to attempt to execute against property in multiple federal districts without a good faith basis. After more than two hundred court filings, countless hours of litigation, and numerous writs of garnishments filed without a good faith basis in the Northern, Middle, and Southern Districts of Florida, all of which have been unsuccessful, Talentscale now brings this action to a new court hoping to get a different result. However, nothing Talentscale can do will change the fact that the funds at issue in this garnishment are subject to a first-priority security interest in favor of non-party Prudent Capital III, LP ("Prudent").

Talentscale has previously filed this same garnishment against Capital Bank, not once, but twice, in the Northern District of Florida. *See Talentscale, Inc., v. Aery Aviation, LLC*, Case No. 5:25-mc-0000 (the "Florida Matter"). Both times Prudent filed Motions to Quash and Dissolve the Writ of Garnishment, stating that the funds that are the subject of the garnishment "are subject to a senior-priority, perfected security interest held by Prudent" *Id.* at Docs No. 118 and 184. Talentscale withdrew the first garnishment against Capital Bank in response to Prudent's filings, and the court granted Prudent's Motion to Dissolve the second garnishment on jurisdictional grounds.

In short, Talentscale has long been aware that the funds that are the subject of this garnishment have been pledged to a creditor with a perfected security interest that predates and supersedes Talentscale's. Talentscale does not have a good faith basis to believe the assets are garnishable property of the judgment-debtor and this Court should not allow Talentscale to continue to misuse the judicial process.[1]

## STATEMENT OF FACTS AND BACKGROUND

1. Aery is a limited liability company organized and located in the Commonwealth of Virginia. *See* Decl. of Sean Boyd (filed in the Florida Matter) at ¶ 2 attached as **Exhibit 1**.

1. Plaintiff Talentscale is a judgment creditor of Aery pursuant to a judgment obtained in the United States District Court for the Eastern District of Virginia on October 9, 2024 in the amount of $1,142,467.20 plus post judgment interest at the statutory rate (the "Judgment").

2. The Judgment was domesticated in the Northern District of Florida on January 13, 2025.

[1] Talentscale's bad faith is only further highlighted by the fact that it did not provide counsel for Aery with notice of the present Motion despite being in court in the Northern District of Florida with counsel for Aery just two days prior to the filing.

3. On December 23, 2025, pursuant Talentscale's Motion, the Northern District of Florida issued a Writ of Garnishment to Capital Bank. *See* Writ attached hereto as **Exhibit 2**.

4. On January 12, 2026, Prudent filed a Motion to Dissolve or Quash the Writ of Garnishment on the basis that: (1) the funds that are the subject of the garnishment "are subject to a senior-priority, perfected security interest held by Prudent;" and (2) the Northern District of Florida did not have jurisdiction to garnish funds held in a bank account located in Washington D.C. *See* Motion attached hereto as **Exhibit 3**.

5. On January 13, 2026, Capital Bank filed its Answer to the Writ (DCF Doc. No. 186), identifying account #XXXXX9918 (the "Collateral Account") as belonging to Aery, but pledged, assigned, or otherwise granted to Prudent. *See* Answer attached hereto as **Exhibit 4**.

6. On March 3, 2026, the Northern District of Florida issued an Order in the Florida Matter dissolving the Writ of Garnishment against Capital Bank for lack of jurisdiction. *See* Order attached hereto as **Exhibit 5**.

7. In its order, the court noted the extensive, and unsuccessful litigation that had been conducted to date, and directed Talentscale not to file any more writs unless it had a good faith basis to believe there were garnishable assets within the district and stated the basis with specificity in the application for the writ. *Id.*

8. Notwithstanding the court's admonition in the Florida Matter, Talentscale's pattern of bad faith continues with its present Motion, in which it omits Capital Bank's statement that the funds that are the subject of the garnishment are "pledged, assigned, and granted to Prudent Capital III, LP pursuant to a Collateral Assignment of Deposit Account dated April 9, 2021 executed by Judgment Debtor." *See* ECF Doc No. 5.

9. Aery has a longstanding creditor-debtor relationship with Prudent Capital. Pursuant to that relationship, on April 9, 2021, Aery and Prudent executed a Secured Promissory Note in the principal amount of $12,000,000 in favor of Prudent. In conjunction with the Secured Promissory Note, Aery and Prudent Capital entered into a lending and security agreement that granted Prudent a security interest in essentially all assets owned by Aery, including the Collateral Account. Aery further executed a Collateral Assignment of Deposit Account for the Collateral Account with $3,000,000 funded from the Note. Prudent perfected its interest by filing a UCC-1 Financing Statement with the Virginia State Corporate Commission on April 21, 2021. *See* Ex 1 at ¶¶ 6-8; Ex. 3 at Exs. B-E.

10. Aery does not have access to the Collateral Account. The Collateral Account is under the complete control of Prudent and any withdrawals from the account can only be made at Prudent's sole discretion or upon the extinguishment of Aery's debts to Prudent. *See* Ex. 1. at ¶ 10.

11. As of January 31, 2026, Aery is indebted to Prudent Capital in the amount of approximately $9,399,273. *Id.* at ¶ 11.

12. This entire debt is pursuant to a loan subject to the Security Agreement and Prudent Capital's perfected security interest reflected in the UCC-1. *See* Ex 3 at Ex B.

**STANDARD**

Any proceedings related to the execution of a money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69. Pursuant to D.C. Code, the only property subject to attachments is the "judgment debtor's goods, chattels, and credits." D.C. Code § 16-544.

## ARGUMENT

In this action, Talentscale again seeks to execute against property that simply does not belong to the judgment debtor, Aery. Instead, as stated in Capital Bank's Answer, the property is "pledged, assigned, and granted to Prudent"—a creditor whose perfected security interest supersedes Talentscale's garnishments. The reasons why Talentscale *absolutely* cannot execute against the Collateral Account are well-delineated in Prudent's Brief filed in the Florida Matter. (*See* Ex. 3). That brief contains all relevant exhibits for this Court to consider, including the Note, Security Agreement, Financing Statement, and Collateral Assignment of Deposit Account.

- Pursuant to both the Security Agreement, Assignment, and UCC-1 filing, Prudent has held a perfected security interest in the Collateral Account since April 21, 2021. From that date forward, Prudent's rights to the Collateral Account have been enforceable and superior to the claims of later-arising lien creditors. Talentscale did not become a lien creditor until it filed the Writ of Garnishment against Capital Bank in 2025.[2] By then, Prudent's security interest had been perfected for nearly five years. Thus, Talentscale's garnishment lien is subordinate because it arose well after Prudent's. Talentscale refuses to acknowledge that reality. Instead, it continues to mobilize judicial power for impermissible reasons that amount to abuse of process. As of January 31, 2026, Aery was indebted to Prudent in an amount of more than $9 million. Capital Bank's Answer to the Writ (ECF No. 8) identified only $3,106,949.17 in the Collateral Account. Because the amount of

---

[2] Aery does not know the date on which the Court issued the Writ of Garnishment or the date on which that was served on Capital Bank as those filings are not available in the docket report. However, Talentscale domesticated the judgment in this Court on July 14, 2025, and Capital Bank filed its Answer to the Writ of Garnshiment on September 25, 2025.

Aery's debt far exceeds the $1,142,467.20 at issue, Prudent's interest wholly absorbs the funds held in the Collateral Account.

Aery has no present right to payment, no right of withdrawal, and no surplus interest in the Collateral Account, which is fully encumbered by Prudent's perfected interest. Talentscale cannot garnish funds that are *not* subject to Aery's unencumbered interest. The funds in question are wholly pledged, assigned, and granted to Prudent Capital; secure an interest perfected many years in advance of Talentscale's lien; and continue to secure an outstanding multi-million-dollar debt. It is well established that perfected security interests take priority over other subsequent claims. *In re Timothy Dean Rest. & B.*, 342 B.R. 1, 10–11 (Bankr. D.D.C. 2006). Further, under basic UCC principles, it goes without saying that Talentscale cannot garnish what Aery does not own free and clear. Talentscale has no right to encumber what belongs to a third-party, and in attempting to do so, it is injuring an innocent third-party creditor and injuring working relationships between Aery, Prudent, and Capital Bank.

## CONCLUSION

Judgment Debtor Aery Aviation, LLC respectfully requests that this Court deny Plaintiff Talentscale's Motion for Judgment, dissolve the Writ of Garnishment issued to Capital Bank, and grant any other relief as the Court deems just and proper.

**Respectfully submitted,**
**Aery Aviation, LLC**

HANCOCK, DANIEL & JOHNSON, LLC
3975 Fair Ridge Drive, Suite 475 South
Fairfax, VA 22033-2911
Tel: 703-591-3440 / Fax: 703-591-7646
ktalley@hancockdaniel.com

By: ______________________________
Kambria L. Talley, Esq. DC Bar No. 90003989
*Counsel for Aery Aviation, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of March 2026, a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of such filing to the following:

Kenneth Chase
Chase Law & Associates, P.A.
1141 71st Street
Miami, FL 33141
kchase@chaselaw.com

______________________________
Kambria L. Talley, Esq.